IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LOUISIANA

| | |
|---|---|
| SHUQING LIU, ) <br> XIAOQING LIU ) <br> BRYAN ZANE LEGIER, ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> ALEJANDRO MAYORKAS, ) <br> Secretary of Department of Homeland Security; ) <br> ) <br> ) <br> CINDY GOMEZ, ) <br> District Director, U.S. Citizen and Immigration Services; ) <br> ) <br> UR M. JADDOU, ) <br> Director, U.S. Citizen and Immigration Services; ) <br> ) <br> MERRICK B. GARLAND, ) <br> U.S. Attorney General, Department of Justice; ) <br> ) <br> CHRISTOPHER WRAY, ) <br> Director, Federal Bureau of Investigation; ) <br> ) <br> DIANNE WITTE, ) <br> Interim Field Officer Director, ) <br> New Orleans Field Office, ) <br> U.S. Immigration and Customs Enforcement; ) <br> *Defendants* ) | Case No.: <br><br><br><br><br> Agency No: MSC1991119029 <br> MSC1991119032 |

## COMPLAINT FOR WRIT OF MANDAMUS

NOW COME the Plaintiffs, SHUQING LIU, XIAOQING LIU, and BRYAN ZANE

LEGIER, through the undersigned, who complain as follows:

## STATEMENT OF ACTION

1.   This action is brought to compel action on two pending Applications to Register

Permanent Residence or Adjust Status ("I-485s" or "Applications") properly filed with

the United States Citizenship and Immigration Services ("USCIS") by Plaintiffs Shuqing Liu and Xiaoqing Liu. To the Plaintiffs' detriment, Defendants have failed to adjudicate the Applications to adjust status to that of a lawful permanent resident (applications for a "green card"). The processing time for Mrs. Shuqing and Ms. Xiaoqing's Applications is twenty-six months, yet they have been processing for over thirty-seven months.

2. Plaintiff, Bryan Zane Legier, is a United States citizen who lives in Baton Rouge, Louisiana. On May 20, 2019, Legier filed USCIS Forms I-130 Petition for Alien Relative on behalf of his wife, Shuqing Liu, and his stepdaughter, Xiaoqing Liu, which were not approved until February 25, 2022. Simultaneously, Shuqing Liu and Xiaoqing Liu filed USCIS Forms I-485 Applications in order to adjust their statuses to that of a lawful permanent resident, as well as work authorizations. On June 3, 2019, Plaintiffs received receipt notices for all applications filed, and, over three years later, the Forms I-485 are still pending at the USCIS Office at Lee's Summit, Missouri. (*See* Attached Exhibits 1 and 2).

3. Mrs. Shuqing and Ms. Xiaoqing have complied with all of the requirements related to their Applications, including attending their biometrics appointment on June 28, 2019 and their adjustment of status interview on August 27, 2021. They were also prepared to attend their originally scheduled adjustment of status interview before it was cancelled with no explanation.

4. As mentioned previously, Mrs. Shuqing and Ms. Xiaoqing received notices scheduling the interviews for their Form I-485 Applications for June 30, 2021, but on June 16, 2021, they received notices that their interviews had been cancelled, with no explanation and without specifying a new interview date. Over a month later, on July 26, 2021, Mrs.

|   |   |
|---|---|
|   | Shuqing and Ms. Xiaoqing received notices rescheduling their interviews for August 27, 2021. (*See* Exhibits 3, 4 and 5). They both attended the interview, during which the interviewing officer stated that they would receive instructions on what else was needed; however, neither of them has ever received any instructions. |
| 5. | Plaintiffs, through undersigned counsel, have sent multiple inquiries to USCIS since those August 2021 interviews. The last inquiry Plaintiffs submitted was on March 21, 2022, at which time their Applications had been pending for thirty-three months. (*See* Exhibit 6). USCIS did not respond to this inquiry. However, on April 7, 2022, USCIS sent a letter to Ms. Xiaoqing notifying her that her previous Form I-485 filed in 2016 had been withdrawn and terminated per her request. (*See* Exhibit 7). Therefore, although Ms. Xiaoqing received correspondence from USCIS about an old form, she nor her mother have received anything about their current Applications since inquiring in March. |
| 6. | Plaintiffs Shuqing and Xiaoqing are statutorily eligible to adjust their immigration status to become lawful permanent residents of the United States and have properly applied to do so. Over three years after filing, their Applications to Adjust Status have yet to be adjudicated by the Defendants. |

**PARTIES**

| 7. | Plaintiff Bryan Zane Legier is a United States citizen who lives in Baton Rouge, Louisiana. He properly petitioned for his wife and stepdaughter for permanent residency. |
|---|---|
| 8. | Plaintiff Shuqing Liu lives in Baton Rouge, Louisiana. She is the wife of Plaintiff Bryan Zane Legier. She has properly applied to adjust her status to that of a lawful permanent resident, for which there has been no adjudication. |

3

9. Plaintiff Xiaoqing Liu lives in Baton Rouge, Louisiana. She is the daughter of Plaintiff Shuqing Liu and the stepdaughter of Plaintiff Bryan Zane Legier. She has properly applied to adjust her status to that of a lawful permanent resident, for which there has been no adjudication.

10. Defendant, Alejandro Mayorkas ("Mayorkas"), is sued in his official capacity only as the Secretary of the Department of Homeland Security. In this capacity, as the Secretary of the United States Department of Homeland Security (hereinafter "DHS"), he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 2.1.

11. Defendant, Cindy Gomez ("Gomez"), is sued in her official capacity only as the District Director of USCIS, District 11, New Orleans District. The New Orleans Field Office, which is under Defendant's direction, is charged with the administration of the Immigration and Nationality Act and the adjudication of forms filed by people living in the New Orleans District. In her capacity as the District Director, Defendant Gomez has responsibility for the administration of the immigration laws.

12. Defendant, Ur M. Jaddou ("Jaddou"), is sued in his official capacity only as the Director of USCIS. USCIS is the component of the DHS that is responsible for adjudicating Plaintiff's application. In his capacity as the Director of the USCIS, Defendant Jaddou has the responsibility for the administration of the immigration laws.

13. Defendant, Merrick B. Garland ("Garland"), is sued in his official capacity only as the U.S. Attorney General of the United States and chief officer of the United States Department of Justice (hereinafter "DOJ"). In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103.

14. Defendant Christopher Wray ("Wray"), the Director of the U.S. Federal Bureau of Investigation is being sued in his official capacity only. Wray is charged with supervisory authority over all immigrant visa background/name checks in connection with immigrant visa applications.

15. Defendant, Diane Witte ("Witte"), is sued in her official capacity only as the Field Office Director at the New Orleans Field Office of the USCIS. The New Orleans Field Office, which is under Defendant Witte's direction, is charged with the administration of the Immigration and Nationality Act and the adjudication of Forms I-485 filed by people living in the New Orleans District. In her capacity as the Field Office Director, Witte has responsibility for the administration of the immigration laws.

## JURISDICTION

16. This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. § 1331; 28 U.S.C. § 1361. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

17. This action is brought to compel the Defendants, officers and agents of the United States, to perform the duties arising under the laws of the United States.

18. This Court has jurisdiction to hear actions arising from claims that an agency or officer or employee of a government agency failed to act in its official capacity and the person to whom the duty was owed suffered a legal wrong. 5 U.S.C. § 702.

19. This action invokes the Plaintiffs' right of due process under the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction.

20. This action is brought due to the repeated failure of the Defendants to perform their duty to adjudicate Mrs. Shuqing and Ms. Xiaoqing's Applications to adjust their statuses to that of a lawful permanent resident within a reasonable amount of time. Failure to adjudicate said Applications has resulted in harm to the Plaintiffs.

21. Federal courts retain jurisdiction over adjudication matters when USCIS refuses to adjudicate applications to adjust status.

22. Venue lies in the United States District Court for the Middle District of Louisiana under 28 U.S.C. § 1391(e), because the Plaintiffs reside in the Middle District of Louisiana and no real property is involved in this action.

23. Plaintiffs Shuqing and Xiaoqing's Applications to Adjust Status were properly filed and, to Plaintiffs' knowledge, remain pending with USCIS.

## EXHAUSTION OF REMEDIES

24. Plaintiffs have exhausted all administrative remedies.  Plaintiffs, through their attorney and on their own, have made numerous inquiries concerning the status of the Applications to adjust status and Defendants have failed to properly respond.

25. Plaintiffs Shuqing and Xiaoqing have not received correspondence from Defendants regarding adjudication of their Applications properly filed with USCIS.

## CAUSE OF ACTION

26. That Plaintiff Legier filed Forms I-130 Petition for Alien Relative on behalf of his wife and stepdaughter, which were approved by USCIS and have never been revoked.

27. That Plaintiffs Shuqing and Xiaoqing filed Forms I-485 in order to adjust their status to that of a lawful permanent resident, which have been pending for over three years.

28. That although Plaintiffs Shuqing and Xiaoqing properly filed the Form I-485 Applications to Adjust Status with USCIS and completed their interviews, they have yet to have their Applications adjudicated by Defendants.

29. That there has not yet been an adjudication on Plaintiffs Shuqing and Xiaoqing's Applications to Adjust Status since June 3, 2019, despite numerous inquiries with USCIS.

30. That Defendants' failure to adjudicate Plaintiffs Shuqing and Xiaoqing's Applications to Adjust Status is unconscionable, has no basis, and has caused great anguish for Plaintiffs. The processing time for Plaintiffs Shuqing and Xiaoqing's Applications is twenty-six months, yet they have been processing for thirty-seven months. The prolonged delay has prevented Plaintiffs Shuqing and Xiaoqing from achieving lawful permanent residence status for an unreasonable amount of time.

**PRAYER**

WHEREFORE, Plaintiffs pray that this Court grant them the following relief:

A. Assume jurisdiction over the case;

B. Order Defendants to adjudicate Plaintiffs Shuqing and Xiaoqing's Applications to Adjust Status within 60 days;

C. Award Plaintiffs reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, for failure of Defendants to perform their duties within the statutory time period; and

D. Such other relief at law and in equity as justice may so require.

Respectfully submitted,

*/s/ Paul H. Scott*
Paul H. Scott

>The Scott Law Firm, LLC
>10636 Linkwood Court
>Baton Rouge, Louisiana 70810
>Phone: 225-400-9976
>Fax:    888-601-0123
>Email: paul@pwscottlaw.com
>LSBA# 31961

CERTIFICATE OF SERVICE

I hereby certify that the above **COMPLAINT FOR WRIT OF MANDAMUS** was this day electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid and properly addressed.

Baton Rouge, Louisiana this 15th day of July, 2022

/s/ Paul H. Scott

_____
Paul H. Scott